John D. Capilli, J.
This motion, brought on by the plaintiff, requests relief under the disclosure statute, CPLR 3101 and discovery and inspection under CPLR 3120.
The action is for labor and services allegedly performed by *360 the plaintiff, a C.P.A., at the request of the defendant, a medical doctor.
On January 15, 1976, in the Small Claims Part of this court, the defendant appeared with his attorney. At that time the plaintiff requested an adjournment in order to procure his own counsel and the case was further adjourned to March 11, 1976.
Upon leaving the court on January 15, 1976, the plaintiff and the defendant’s attorney, one Richard Wynn, engaged in conversation, wherein it was ascertained that the attorney, Richard Wynn, had in his possession certain tapes and/or recordings of conversations between the plaintiff and the defendant herein. Richard Wynn, the attorney, stated to the plaintiff that he, the plaintiff, should have his attorney contact him in order to have his attorney listen to the tapes. Arrangements were subsequently made between the respective attorneys by telephone and letter, mutually agreeing to a specific time and place to listen to the tapes and/or recordings.
On February 13, 1976, the plaintiff’s attorney appeared at the office of Richard Wynn and was then and there advised that said Richard Wynn was out of the State and that the tapes and/or recordings were not available.
The defendant and his attorney, for reasons known only to themselves, have chosen not to oppose this motion nor submit any papers in opposition thereto.
From the facts as stated in the moving papers, and there being no opposition to this motion, the court makes the following determinations:
The remedies that are sought herein are generally inapplicable in the Small Claims Part. "Disclosure shall be unavailable in small claims procedure except upon order of the court on showing of proper circumstances.” (UDCA, § 1804.) (See, also, Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA, 1975-1976 Pocket Part, § 1804, pp 95, 96 and UDCA, § 1804, pp 147, 148.)
In disposing of that branch of the motion which requests that the defendant appear and submit to a deposition upon oral questions as a party pursuant to CPLR 3101, same is hereby denied since there has been no showing of proper circumstances as required in section 1804 of the UDCA.
The other portion of the motion, which requests that the *361 plaintiff be given a copy of his own statements made to the defendant, is hereby granted as proper circumstances have been shown. (See UDCA, § 1804 and CPLR 3101.)
The remaining issue to be determined concerns the existence or nonexistence of the tape recordings.
Notwithstanding the comment of Professor Siegel at page 96 of his commentaries (McKinney’s Cons Laws of NY, Book 29A, CCA, 1975-1976 Pocket Part, § 1804) "that the stakes involved in small claims cases are too low to make it fair or feasible to go to the same lengths of pretrial preparations pursued in bigger cases”, the court feels that proper circumstances have been shown. The amendment to section 1801 of the UDCA, (L 1975, ch 71, § 2, eff Sept 1, 1975) which increases the monetary jurisdiction of the Small Claims Court to $1,000, exclusive of interest and costs, amply satisfies the requirement to permit the production of the required tapes upon the showing of proper circumstances.
Based upon the foregoing, the defendant is to produce and make available to the plaintiff all tape recordings made by the defendant or his attorney of conversations between the respective parties (CPLR 3120; Fox v Studner-Kavaler Co., NYLJ, Sept 27, 1963 p 14, col 4; Baron v King-Suffolk Realty Corp., 4 Mise 2d 587; Metaalhander v Hyman-Michaels Co., 7 AD2d 840; People v Lipinski, NYLJ, March 5, 1976, p 8, col 1).
In view of the likelihood that the defendant may persist in failing to comply with this order and/or give specific evidence of the existence of the tape recordings, this court hereby further orders that if the defendant, upon the trial of this action, offers to introduce the tape recordings which are the subject matter herein, at that time the plaintiff may demand, on the voir dire, that he be given an opportunity to hear the recordings; conduct an audibility hearing, and determine whether an adequate foundation has been laid, with respect to the accuracy of the recordings; resolve their authenticity, and be given a full opportunity to explore the safeguards permitted by law pertaining to the tape recordings.